UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2565 PA (Ex) | Date | May 17, 2016 |
|---|---|---|---|
| Title | The Echo Design Group, Inc. v. Textiles From Europe, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    ORDER TO SHOW CAUSE

    The Court has reviewed the Complaint filed by plaintiff The Echo Design Group, Inc. ("Plaintiff") against defendants Textiles From Europe, Inc., Macys, Inc., Bed Bath and Beyond, Inc., The Bon-Ton Stores, Inc., Sears Holding Corporation, and Kohls Corp. (collectively "Defendants"). (Docket No. 1.) The Complaint alleges that Plaintiff owns an original two-dimensional artwork which is used primarily for textile printing and is registered with the United States Copyright Office. (Compl. ¶ 13.) Defendants allegedly "distributed and/or sold fabric and/or products featuring a design that is substantially similar to" Plaintiff's copyrighted work. (Id. ¶ 15.) Each allegedly infringing product was manufactured by or for defendant Textiles From Europe, Inc., and sold by one of the other defendants. (Id.)

    Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides:

> Persons . . . may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and*
> > (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. Proc. 20(a)(2) (emphasis added); see also League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

    Based on the factual allegations in the Complaint, it does not appear that there is a question of fact or law common to all Defendants, nor is it clear that Plaintiff's claims arise out of the same transaction or occurrence. No facts are alleged in the Complaint to satisfy Rule 20(a)(2). See, e.g., Star

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2565 PA (Ex) | Date | May 17, 2016 |
|---|---|---|---|
| Title | The Echo Design Group, Inc. v. Textiles From Europe, Inc., et al. | | |

Fabrics, Inc. v. Sears Roebuck & Co., 2013 U.S. Dist. LEXIS 49204 (C.D. Cal. Apr. 4, 2013) (Order to Show Cause).

     The Court therefore orders Plaintiff to show cause in writing, no later than May 31, 2016, why one or more defendants should not be dropped from this case for improper joinder.  See Fed. R. Civ. P. 18, 20, 21; see also Coughlin, 130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court.").

     In response to this Order to Show Cause, Plaintiff may, if it so chooses, dismiss all Defendants except for Textiles From Europe, Inc. and one retailer.  Plaintiff may then, if it so chooses, file separate actions against the dismissed defendants, with new complaints and filing fees.

     IT IS SO ORDERED.